NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-740

JASON LATIMORE

vs.

DEPARTMENT OF CORRECTION & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

According to his complaint, the plaintiff, Jason Latimore, injured his toe while he was an inmate at a Massachusetts prison. On April 25, 2019, Latimore filed a complaint alleging inadequate medical treatment for his injuries. Named as defendants were the Department of Correction (DOC), the Massachusetts Partnership for Correctional Healthcare, two private medical entities, two DOC officials, sixteen identified medical professionals, and nine unidentified professionals listed as Jane or John Doe. By an amended judgment entered on

---

[1] Massachusetts Partnership of Correctional Healthcare; Correct Care Solutions, LLC; Wellpath LLC; Stephanie Y. Collins; James O'Gara, Jr.; Linda Farag; Charles King; Vanessa Rattigan; Stephanie Perry; Jane Doe nurses one through four; John Doe nurses one through four; Jenny Vieira; Herbert Ddungu; Ayshe Hameed; Cindy Cutting; Rebeca Pitre; Emily Morse; Emily Holmes; Susan Milliken; Kiely Despina; Rebecca Lubelczyk; John Doe physical therapist; Lindsey Pellegrini; and Chantell Santos.

April 9, 2020, a Superior Court judge dismissed the complaint based on insufficiency of service. Latimore filed a notice of appeal on May 11, 2020. Over one year later, the defendants moved to dismiss that appeal for failure to prosecute. By order entered on September 10, 2021, a second Superior Court judge allowed that motion. Latimore appealed the second judge's order and filed a motion for relief therefrom, pursuant to Mass. R. Civ. P. 60, 365 Mass. 828 (1974) (rule 60 [b]), which a third Superior Court judge denied by order dated October 29, 2021. Latimore then filed another notice of appeal and asked that the appeals be combined. It does not appear that the request was acted on in the Superior Court, but seeing as one record was assembled for both appeals and a single justice of this court treated the appeals as consolidated, we conclude that we are called on to decide whether the second judge abused her discretion in allowing the motion to dismiss Latimore's first appeal (of the underlying amended judgment), and whether the third judge abused his discretion in denying Latimore's motion for relief from the second judge's decision.[2] We affirm.

The motion to dismiss the appeal for failure to prosecute cited Latimore's "inexcusable neglect," Mass. R. A. P. 10 (c),

---

[2] As clarified in two orders by the single justice, dated July 22, 2022, and August 3, 2022, whether the first judge erred in allowing the motion to dismiss the complaint is not before us.

as appearing in 481 Mass. 1618 (2019), in not complying with Mass. R. A. P. 8 (b) (1) (A), as appearing in 481 Mass. 1611 (2019), and was served pursuant to the 2021 version of Superior Court Rule 9A, which required at subsection (b) (4) (i) that once service is made, the nonmoving party must serve on the moving party the opposition to the motion within ten days. Latimore did not serve the defendants with a timely opposition, and the defendants therefore accurately filed and identified their motion as unopposed. Nevertheless, Latimore was given an additional forty days to respond to the motion to dismiss by order entered on June 9, 2021, and he was given another thirty days by order entered on July 15, 2021. Thus, despite Latimore's failure to abide by Superior Court Rule 9A, he was allowed an additional seventy days to oppose the motion to dismiss his first appeal. He did not take that opportunity, and the motion to dismiss thus remained unopposed. The second judge allowed the motion on that basis on September 10, 2021. Because Latimore did not file any opposition to the motion to dismiss despite his having been given over two additional months to do so, the second judge plainly did not abuse her discretion.

In his rule 60 (b) motion, which sought relief from the order of dismissal of his first appeal, Latimore claimed that he in fact had filed an opposition to the motion to dismiss and that the second judge "made a mistake" in concluding otherwise.

3

As the third judge observed, this simply is not true. Latimore's "opposition to defendants' joint opposition to papers #35-38" was directed at, and filed in response to, the defendants' opposition to Latimore's requests for copies of documents in the file, the numbers of court rooms in which certain hearings occurred so he could order transcripts, and forms for ordering transcripts along with an extension of time to do so. Though Latimore gave an "explanation for his neglect" in requesting transcripts and cited to Mass. R. A. P. 10 (c), and though we look to the substance of pleadings rather than the title, Latimore's filing did not ask that the motion to dismiss be denied or address the merits of the motion by showing that Latimore had (1) cured the procedural defect or (2) a meritorious issue for appeal, and therefore was not in substance or title an opposition to that motion. Thus, the rule 60 (b) motion was based on a false premise, and relief could have been denied on that ground alone.

Even were Latimore's arguments viewed with the utmost leniency, he still would not have shown that the third judge abused his discretion in denying the rule 60 (b) motion. He maintains that his prosecution of the underlying appeal of the amended judgment depended on his acquiring transcripts of

certain court hearings.[3]  Although it is uncontested that he was extremely tardy in ordering such transcripts, he asserts that his tardiness was excused by operation of the cure provision included in Mass. R. A. P. 10 (c), see Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 256 (2014), and by practical difficulties he faced as a result of the COVID-19 pandemic and his reincarceration.  At the time the motion to dismiss was acted on, Latimore was engaged in some efforts to obtain the hearing transcripts.  Based on the fact that the docket would have revealed those efforts, he argues in effect that the third judge should have treated them as tantamount to his having filed an opposition to the motion to dismiss.  Even assuming arguendo that the third judge could have accepted such an argument and on that basis excused Latimore's failure to submit an actual opposition to the motion to dismiss, Latimore cites nothing that required the judge to do so.  Accordingly, we conclude that the third judge did not abuse his discretion in denying the rule 60 (b) motion.  See Owens v. Mukendi, 448 Mass. 66, 71 (2006) (recognizing discretionary nature of rule 60 decisions to accomplish task of "balancing the competing needs for finality

---

[3] For example, according to Latimore, a Superior Court judge instructed him at one hearing not to serve his complaint for the time being.

5

and flexibility to be certain that justice is done in light of all the facts" [citation omitted]).

> Order entered on September 10, 2021, dismissing appeal, affirmed.

> Order entered on October 29, 2021, denying rule 60 (b) motion, affirmed.

> By the Court (Wolohojian, Milkey & D'Angelo, JJ.[4]),

Assistant Clerk

Entered: January 17, 2024.

---

[4] The panelists are listed in order of seniority.